## FRANCIS O. J. SMITH *vs.* JEREMIAH BERRY.

If the payee of a note for specific articles makes an express promise to pay to an assignee of the note the amount due thereon, the assignee may recover the same in an action in his own name.

The amount of damages to be recovered, is the value of the specific articles, at the time they should have been delivered.

ASSUMPSIT on a promise of the defendant, to pay and deliver to the plaintiff, on demand, at *Portland*, 130 casks of lime. A demand for the lime was made *August* 10, 1839. The plaintiff offered in evidence a note, which had been assigned to him, of

which a copy follows: "For value received I promise to pay *T. W. Pettengill* or order, one hundred and thirty casks of *Thomaston* lime on or before the first of *July. Portland, May* 4, 1839. *Jer'h Berry.*" The plaintiff also produced and read letters from the defendant to him, bearing date *July* 23d, and *August* 10th, 1839, the substance of which is found in the opinion of the Court. It was agreed, that on the first of *July,* 1839, lime was worth, at the wharves in *Portland,* ninety cents per cask, and that after *August* 10, 1839, it was worth one dollar and twenty-eight cents per cask, and that the plaintiff paid that sum therefor. A verdict was taken by consent for the plaintiff, for $167,66, being at the rate of $1,28 per cask, on which judgment was to be rendered, if the plaintiff was entitled to that sum ; but if not, the verdict was to be set aside, and judgment entered for such sum as the Court should direct.

*Smith* argued *pro se,* and cited *Matthews* v. *Houghton,* 2 *Fairf.* 377 ; *Mowry* v. *Todd,* 12 *Mass. R.* 283 ; *Hatch* v. *Spearin,* 2 *Fairf.* 354 ; 7 *Har. & J.* 213 ; 3 *Har. & J.* 441 ; 4 *Har. & J.* 351 ; *Lang* v. *Fiske,* 2 *Fairf.* 385 ; *Crocker* v. *Whitney,* 10 *Mass. R.* 319 ; *Skinner* v. *Somes,* 14 *Mass. R.* 107 ; *Jones* v. *Witter,* 13 *Mass. R.* 304 ; *Jenkins* v. *Brewster,* 14 *Mass. R.* 291 ; 1 *Dane, c.* 1, *art.* 7, § 15 ; *Attwood* v. *Clark,* 2 *Greenl.* 253 ; 1 *Peters,* 455 ; 4 *Rand.* 346 ; *Greenwood* v. *Curtis,* 6 *Mass. R.* 358 ; 1 *Bay,* 423.

*Fox* argued for the defendant, and cited *Gainsford* v. *Carroll,* 2 *B. & Cr.* 624 ; *Gray* v. *Portland Bank,* 3 *Mass. R.* 364 ; 1 *Dane,* 544.

The opinion of the Court was from

WESTON C. J. — The note, given by the defendant to *Pettengill,* which forms the basis of this action, being for specific articles, and not for cash, was not a negotiable instrument. But being in fact assigned to the plaintiff, if the defendant had notice of the assignment, and expressly agreed to pay the plaintiff, the latter may maintain an action in his own name, and may recover the amount due thereon, to which the original payee would have been entitled. And the rights of the plaintiff as assignee, may constitute a safe and legal consideration for a new contract, on the part

of the defendant, with new terms and conditions.  The plaintiff places his right to the amount he claims upon the assumption, that the defendant entered into a new contract directly to him, enlarging and extending the time of payment.  This, it is insisted, is deducible from his letters of the 23d of *July* and of the .10th of *August,* 1839.  He first attempts to excuse his non-performance, stating that if the lime is not forthwith furnished, he shall be compelled to raise the money, adding, that the plaintiff will hear something more definite from him in a few days.  This admits notice of the assignment, and may fairly amount to an express promise to hold himself answerable to the plaintiff as assignee, but is not evidence of a new contract, expressly engaging to deliver lime at a future day.  That of the 10th of *August,* which purports to be in answer to letter of the plaintiff of the 4th, advises, that the defendant had shipped the lime, which he supposed had been delivered, as by agreement, but that he had been apprised, that such had not been the fact.  He adds, that it was then out of his power to get lime, but that he would take up the note in a short time, when he received his pay for a job he was doing for the government.  Here was no new undertaking to deliver lime, but an intimation, that it was then out of his power.  His promise to take up the note, as it was not to be done by the delivery of lime, must be understood to be by paying the money, which was not only the legal effect of the contract, if he failed to deliver the lime at the day, but such was the defendant's sense of the obligation, as expressed in his letter to the plaintiff on the 23d of *July.*  The letters indicate, that the defendant had hoped or intended to furnish lime, to the acceptance of the plaintiff, after the maturity of the note, but they contain no express promise to do so, nor does it appear, from any evidence in the case, that the plaintiff had agreed to receive the lime, so that the defendant could have tendered it in discharge of the contract, after the time originally stipulated.  There is reason to believe he would have accepted it, and that it would have been convenient and desirable to do so ; but we find no contract to this effect, binding upon either party.  The measure of damages, then, to which the defendant is liable, must depend upon the terms of the note.  The promise was, to deliver one hundred and thirty casks of *Thomaston* lime, on or before the first of *July.*

If not delivered on that day, the contract was broken, and not before. The value of lime on that day, very clearly upon the authorities, constitutes the amount of damages, to which the plaintiff is legally entitled. According to the agreement of the parties, the verdict is to be set aside, and judgment rendered for the plaintiff, for the agreed value at that time, with interest thereon to the time of its rendition.